UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ANTHONY ANTOINE BIRTHA, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 6: 22-201-DCR |
| v. | ) ) | |
| J. GILLEY, Warden, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Anthony Birtha is confined at the federal penitentiary in Pine Knot, Kentucky. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] Therefore, the Court screens the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

The requested relief will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, the Court evaluates Birtha's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition,

---

[1] Birtha did not pay the $5.00 filing fee when he filed his petition; however, he has previously filed a habeas corpus petition with this Court, *see Birtha v. Gilley*, No. 6: 22-162-GFVT (E.D. Ky. 2022), and is aware of this obligation. As a result, the Court will direct Birtha to promptly pay the required fee.

though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief.") (cleaned up).

In 2002 and 2003, Birtha and several others engaged in drug trafficking and robbed several drug dealers at their homes in LaFayette, Louisiana. In 2007, he and his co-conspirators were charged in an 18-count superseding indictment. *See United States v. Birtha*, No. 6:07-CR-20052-DDD-JPM-2 (W.D. La. 2007) [Record No. 101 therein]. As relevant here, Count 1 charged the defendants with conspiracy to possess with intent to distribute several controlled substances. Counts 5 and 8 each charged Birtha with possession and carrying of a firearm during and in relation to a drug trafficking crime *and* a crime of violence under 18 U.S.C. § 924(c)(1). Count 5 charged that:

> On or about the 26 day of June, 2003, at Lafayette Parish in the Western District of Louisiana, the defendants LOVELESS BELL, KENDRICK BOUDREAUX, ANTHONY BIRTHA, and STERLING GIVENS, each aiding and abetting the other, *knowingly carried and possessed a firearm, to wit: unknown semiautomatic pistols during and in relation to a drug trafficking crime* for which they may be prosecuted in a court of the United States, to wit: Conspiracy to Possess with Intent to Distribute Controlled Substances, as alleged in Count 1, and a crime of violence for which they may be prosecuted in a court of the United States, to wit: Attempted Interference with Commerce by Robbery as alleged in Count 4 above, in violation of Title 18, United States Code, Sections 924(c)(1) and 2. [18 U.S.C. §§ 924(c)(1) and 2].

[Record No. 101 at 5-6 (emphasis added)] Similarly, Count 8 charged that:

> On or about the 11 day of July, 2003, at Lafayette Parish in the Western District of Louisiana, the defendants LOVELESS BELL, ANTHONY ANTOINE BIRTHA, KENDRICK SHANE BOUDREAUX, and a herein unindicted coconspirator, each aiding and abetting the other, *knowingly carried and possessed a firearm, to wit: a Hi-Point Model JH45 .45 caliber semiautomatic pistol (Serial Number: 324458) and an unknown semiautomatic pistol believed to be a 9mm, during and in relation to a drug trafficking crime* for which they may be prosecuted in a court of the United States, to wit: Conspiracy to Possess with Intent to Distribute Controlled Substances, as alleged in Count 1, and a crime of violence for which they may be prosecuted in a court of the United States, to wit: Attempted Interference with Commerce by Robbery as alleged in

> Count 7 above, in violation of Title 18, United States Code, Sections 924(c)(1) and 2. [18 U.S.C. §§ 924(c)(1) and 2].

*Id*. at 7-8 (emphasis added).

A jury found Birtha guilty on all counts in April 2009. In September 2009, the trial court sentenced Birtha to a cumulative term of 1,224 months of imprisonment. That sentence included an 84-month consecutive term for Birtha's first Section 924(c) conviction (Count 5) and a 300-month consecutive term for Birtha's second Section 924(c) conviction (Count 8). The Fifth Circuit affirmed the judgment and sentence on direct appeal. *United States v. Birtha*, 384 F. App'x 351 (5th Cir.), *cert. denied*, 562 U.S. 1035 (2010). Birtha then sought post-conviction relief by various means on a number of occasions, but without success. *See United States v. Birtha*, No. 6:07-CR-20052-02, 2018 WL 3672768, at *1-2 (W.D. La. Feb. 20, 2018).

In his habeas corpus petition, Birtha argued that

> ... attempted Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A) because no element of the offense requires proof that the defendant used, attempted to use, or threatened to use force. Taylor, Case No. 20-1459. Thus, the § 924(c) convictions found in Counts 5 and 8 are without valid predicate crimes of violence and must be vacated.

[Record No. 1-1 at 4-5] Taylor apparently refers to the recent decision in *United States v. Taylor*, 142 S.Ct. 2015 (2022), in which the Supreme Court held that "whatever one might say about completed Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause." *Id*. at 2020.

The Court assumes for purposes of discussion that Birtha may assert his challenge under *Taylor* in his Section 2241 petition. *See Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (holding that a federal prisoner may pursue relief from his conviction under Section 2241 "by identifying a Supreme Court decision that post-dates his original section 2255

proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim."). As Birtha argues, the Supreme Court's *Taylor* decision undermines the use of attempted Hobbs Act robbery as a predicate offense to support his Section 924(c) convictions.

Nonetheless, the Supreme Court's decision in *Taylor* does not invalidate Birtha's convictions under Counts 5 and 8. Both Section 924(c) counts were *also* predicated upon Birtha's carrying and possession of a firearm during and in relation to drug trafficking crimes, matters entirely unaffected by *Taylor*. *See Birtha*, No. 6:07-CR-20052-DDD-JPM-2 [Record No. 101 therein at 5-8] Where a Section 924(c) conviction is supported by several distinct predicate offenses, the conviction must stand unless the defendant can undermine the validity of all of them. *Cf. Burleson v. United States*, No. 3:20-cv-487, 2020 WL 7027503, at *3 (M.D. Tenn. Nov. 27, 2020) ("Since Burleson pled guilty to both underlying acts of attempted Hobbs Act robbery and attempted Hobbs Act extortion, a proper application of Sixth Circuit precedent requires us to analyze both underlying acts: attempted Hobbs Act robbery and attempted Hobbs Act extortion. If either survives scrutiny, then the [924(c)] conviction must be upheld.") (cleaned up).

In short, the Supreme Court's decision in *Taylor* does not invalidate the use of drug trafficking crimes as valid predicate offenses to support Birtha's convictions in Counts 5 and 8. *See United States v. Hughes*, No. 2:15CR00015-013, 2022 WL 3039764, at *2 (W.D. Va. Aug. 1, 2022) ("The facts underlying *Taylor* are distinguishable from those in this case. ... Here, the predicate offense to which Hughes pleaded guilty is not Hobbs Act robbery, but conspiracy to distribute alpha-PVP. *Taylor* simply does not move the imposition of sentence under § 924(c) for a drug trafficking crime beyond the court's statutory authority."). *See also*

*Chapotin v. United States*, No. 21-10586, 2022 WL 2866670, at *7 (11th Cir. July 21, 2022) ("The objective of the robbery conspiracy was to obtain cocaine from the drug courier. Thus, the jury could not have found that Chapotin's gun use or possession (or his conspiracy to do those things) was connected to his conspiracy to commit Hobbs Act robbery without also finding at that same time that the gun offenses were connected to his conspiracy and attempted possession with intent to distribute cocaine that he planned to procure from the robbery. In other words, 'the inextricability of the alternative predicate crimes compel the conclusion that the error [Chapotin] complains about ... was harmless.' *Granda v. United States*, 990 F.3d 1272, 1292 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 12333 (2022); *see also Foster v. United States*, 996 F.3d 1100, 1107-08 (11th Cir.), *cert. denied*, 142 S. Ct. 500 (2021) (applying *Granda* to a § 2255 movant's § 924(o) and § 924(c) convictions and holding that any error from the inclusion of an invalid predicate was harmless because the alternative predicate offenses were inextricably intertwined).").

Because Birtha's convictions under Section 924(c) in Counts 5 and 8 were predicated upon his possession of firearms in furtherance of both his drug trafficking activities and attempted Hobbs Act robbery, *Taylor* does not provide grounds to invalidate either conviction. Accordingly, it is hereby

**ORDERED** as follows:

1. Birtha is **DIRECTED** to pay the $5.00 filing fee within 28 days.

2. Birtha's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: November 1, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky